UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 24-00397-RGK (DFM) | Date: | September 4, 2024 |
|---|---|---|---|
| Title | Cesar Razo v. Fidencio Guzman | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On February 20, 2024, Petitioner Cesar Razo, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition").

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under this rule, district courts may "consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 202 (2006). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Id. For the reasons discussed below, Petitioner is ordered to show cause why this action should not be dismissed.

I. BACKGROUND

On August 26, 2021, a jury convicted Petitioner of two counts of premeditated attempted murder, with enhancements. See https://public-access.riverside.ca.gov/ (search by case number "RIF2000052") (last accessed August 29, 2024); see also Petition at 2. Petitioner appealed his conviction, and his conviction was affirmed in full on August 17, 2022. See California Courts, Appellate Court Case Information, 4th Appellate District, Division 2, http://www.appellatecases.courtinfo.ca.gov/search.cfm?dist=2 (search by case number "E078543") (last accessed August 29, 2024); see also Petition at 3. Petitioner then appealed his conviction to the California Supreme Court, and his petition for review was denied on October 26, 2022. See California Courts, Appellate Court Case Information, Supreme Court,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search by case number "S276426") (last accessed Aug. 29, 2024); see also Petition at 3.

In the instant action, Petitioner challenges his conviction and asserts that: (1) there was insufficient evidence of premeditation and deliberation to support a true finding on the premeditation allegation attached to the attempted murder charge in count two; and (2) the trial court abused its discretion in permitting joinder of two unrelated cases. See Petition at 5-6.

**II.    DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). Ordinarily, the limitations period runs from the date on which the petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. If a petitioner files a direct appeal to the highest state court but does not petition for writ of certiorari in the United States Supreme Court, the conviction becomes final ninety days after the state court issues its decision. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Here, the California Supreme Court denied Petitioner's petition for review on October 26, 2022. See California Courts, supra. There is no indication that Petitioner appealed his conviction to the United States Supreme Court. Assuming he did not, Petitioner's conviction became final ninety days after the California Supreme Court denied the petition for review. See Bowen, 188 F.3d at 1158-59. However, Petitioner did not file the instant action until February 20, 2024, over a year after his conviction became final.

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Here, because Petitioner did not file a habeas petition in state court, see Petition at 3, he is not entitled to statutory tolling.

In addition to the statutory tolling provided for by § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). Here, Petitioner has not offered any explanation for his failure to file the instant Petition in a timely manner and therefore has not shown that he is entitled to equitable tolling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

### III. CONCLUSION

Accordingly, based upon the Petition as currently submitted, § 2244(d)(1) appears to bar this action. **Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely by filing a written response no later than twenty-eight (28) days after he is served with this Order. Petitioner is advised to inform the Court of any reason demonstrating entitlement to statutory or equitable tolling.** Petitioner may instead request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of the Court has attached a Notice of Dismissal form. Petitioner is expressly warned that any dismissed claims may be later subject to AEDPA's statute of limitations.

**Petitioner is warned that his failure to timely respond to this Order will result in the Court dismissing this action with prejudice as untimely and for failure to prosecute.** <u>See</u> **Fed. R. Civ. P. 41(b).**